# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TAMARA WEATHERLY,** | ) | **Case No.:** |
| | ) | |
| Plaintiff**,** | ) | |
| | ) | |
| **v.** | ) | **COMPLAINT AND DEMAND FOR** |
| | ) | **JURY TRIAL** |
| **CREDIT ONE BANK, N.A.,** | ) | |
| | ) | |
| Defendant. | ) | **(Unlawful Debt Collections Practices)** |
| | ) | |

## COMPLAINT

TAMARA WEATHERLY ("Plaintiff"), by and through her counsel, Kimmel & Silverman, P.C., alleges the following against CREDIT ONE BANK, N.A. ("Defendant"):

## INTRODUCTION

1.      Plaintiff's Complaint is based on the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331.  See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.      Defendant conducts business in the Commonwealth of Pennsylvania and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

- 1 -

**PARTIES**

5.      Plaintiff is a natural person residing in Philadelphia, Pennsylvania 19142.

6.      Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7.      Defendant is a credit agency with its principal place of business located at 6801 South Cimarron Road, Las Vegas, Nevada 89113.

8.      Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.     Plaintiff has a cellular telephone number that she has had for over a year.

11.     Plaintiff has only used this number as a cellular telephone number.

12.     Defendant called Plaintiff on her cellular telephone on a repetitive and continuous basis.

13.     When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14.     Plaintiff knew Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as its calls began with a pre-recorded message and/or a noticeable pause or delay before a live caller came on the telephone line.

15.     Defendant's telephone calls were not made for "emergency purposes."

16.     Soon after the calls began Plaintiff demanded that Defendant stop calling her cellular telephone.

PLAINTIFF'S COMPLAINT

17.     Once Defendant knew its calls were unwanted there was no lawful purpose in continuing to call Plaintiff and any further calls could only have been placed for the purpose of harassing Plaintiff.

18.     However, Defendant persisted in calling Plaintiff on her cellular telephone.

**COUNT I**
**DEFENDANT VIOLATED THE**
**TELEPHONE CONSUMER PROTECTION ACT**

19.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

20.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

21.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

22.     Defendant's calls to Plaintiff were not made for emergency purposes.

23.     Defendant's calls to Plaintiff were not made with Plaintiff's prior express consent.

24.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25.     The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26.     As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, TAMARA WEATHERLY, respectfully prays for judgment as follows:

a.     All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

b.     Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

c.     Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

d.     Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

e.     Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, TAMARA WEATHERLY, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

Respectfully submitted,

Dated: 1/28/20

By: /s/ Amy L. Bennecoff Ginsburg
Amy L. Bennecoff, Esquire
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, Pennsylvania 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: teamkimmel@creditlaw.com

PLAINTIFF'S COMPLAINT